UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUDITH C. MAY,                    )
                                  )
          Plaintiff(s),           )     No. C 09-3460 BZ
                                  )
     v.                           )     **ORDER DISMISSING COMPLAINT**
                                  )     **WITH LEAVE TO AMEND AND**
MARIN COUNTY SUPERIOR COURT,)           **DENYING IFP APPLICATION**
et al.,                           )
                                  )
          Defendant(s).           )
_____   )

On July 28, 2009, *pro se* plaintiff Judith C. May
("plaintiff"), filed a complaint against defendants, Marin
County Superior Court, the Honorable John S. Graham, and the
City of San Rafael, and applied to proceed *in forma pauperis*,
pursuant to 28 U.S.C. § 1915(a).  On August 10, 2009,
plaintiff's *in forma pauperis* application was denied because
plaintiff's application stated that plaintiff had $15,000.00
in cash, demonstrating plaintiff's ability to pay the $350.00
filing fee and other related costs.  (*See* Doc. No. 5.)  On
August 17, 2009, plaintiff filed a letter requesting the Court
to reconsider its denial of plaintiff's *in forma pauperis*
application.  Plaintiff's letter states that she no longer has

1

1   the $15,000.00, having used it to buy a car which she needs

2   because of a disability.  Given plaintiff's explanation of the

3   status of her current financial condition, the Court has

4   reexamined plaintiff's *in forma pauperis* application as well

5   as plaintiff's complaint.

6       Plaintiff's complaint requests that this case "be removed

7   from Marin County Superior Court to this Court."  Along with

8   her complaint, plaintiff filed a copy of the docket history in

9   a criminal case filed against her in Marin County Superior

10  Court on July 31, 2002, as well as copies of letters sent by

11  plaintiff to various individuals at the Superior Court in

12  which plaintiff requested copies of her court file, and a copy

13  of the trial transcript from her criminal hearing in 2002.  In

14  those letters, plaintiff states that she is requesting the

15  trial transcript and a copy of her court file "for the federal

16  court of appeals."

17      It is not clear from plaintiff's complaint what relief

18  she is seeking.  On the one hand, plaintiff's complaint

19  suggests that she is suing defendants for "illegal

20  imprisonment" and "illegal search of vehicle", but plaintiff's

21  complaint specifically requests "removal", and the documents

22  filed along with her complaint seem to suggest that plaintiff

23  wishes to appeal the Superior Court ruling in the criminal

24  case filed against her in 2002.

25      Construed liberally in her favor, plaintiff's complaint

26  fails to state a claim for relief.  The Court must liberally

27  construe a *pro se* complaint, giving the plaintiff the

28  benefit of any doubt.  *See* Balistreri v. Pacifica Police

1   Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff appears

2   to allege that she was improperly sentenced by a state court

3   judge, or, that she was subject to an unlawful search and

4   seizure and/or arrest.  From the few details she offers in her

5   complaint, however, I cannot be sure of the nature of her

6   claim.  Plaintiff must give all defendants fair notice of

7   the grounds on which the complaint is based.  *See* McKeever v.

8   Block, 932 F.2d 795, 798 (9th Cir. 1991).  In her complaint,

9   plaintiff provides neither the statutory basis for her cause

10  of action, nor facts sufficient to inform defendants of the

11  grounds of her complaint.  Plaintiff's complaint therefore

12  fails to meet the basic requirement that it state a claim for

13  which relief can be granted.

14      To the extent that plaintiff seeks to bring a claim

15  against a state-court judge for actions taken in that judge's

16  official capacity, that claim must be dismissed because the

17  judge would have immunity from suit.  *See* Mireles v. Waco, 502

18  U.S. 9, 11 (1991).

19      To the extent that plaintiff seeks to appeal a state

20  court ruling to this court, plaintiff's complaint must be

21  dismissed, as this Court does not have jurisdiction to stay or

22  alter a ruling of a state court judge.  *See* Exxon Mobil Corp.

23  v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005);

24  Worldwide Church of God v. McNair, 805 F.2d 888, 890-91 (9th

25  Cir. 1986).  If plaintiff is dissatisfied with a state court

26  ruling, her remedy is to seek timely and appropriate review

27  through the state court system.  McNair, 805 F.2d at 890.

28      Finally, to the extent that plaintiff is attempting to

3

1   remove an action from state court, plaintiff is admonished

2   that section 1441(a) of Title 28 of the United States Code

3   only permits defendants to remove actions from state court.

4   28 U.S.C. § 1441(a).[1]  "The right to remove a state court

5   case to federal court is clearly limited to defendants."

6   <u>American International Underwriters v. The Continental</u>

7   <u>Ins. Co.</u>, 843 F.2d 1253, 1260 (9th Cir. 1988).

8      For the foregoing reasons **IT IS HEREBY ORDERED** as

9   follows:

10      1.  Plaintiff's complaint is **DISMISSED** with leave to

11   amend.  If plaintiff desires to proceed with this action, she

12   must file an amended complaint by **September 21, 2009** that

13   demonstrates that she is legally entitled to relief in federal

14   court.  The amended complaint should be a short, legible

15   statement in plain English that explains which of plaintiff's

16   civil rights she thinks were violated and what she thinks

17   defendants have done that caused her harm.  To that end,

18   plaintiff should also specify the nature of her injuries.  In

19   amending her complaint, plaintiff may wish to consult a manual

20   the Court has adopted to assist *pro se* litigants in presenting

21   their case.  This manual is available in the Clerk's Office

22   and online at www.cand.uscourts.gov.  If plaintiff does not

23   amend or otherwise comply with this Order by **September 21,**

24   **2009**, this case may be dismissed.

25

26      [1]  Section 1441(a) states: "Except as otherwise
expressly provided by Act of Congress, any civil action brought

27   in a State court of which the district courts of the United
States have original jurisdiction, may be removed by the

28   defendant or the defendants . . . ."  28 U.S.C. § 1441(a).

2.  Plaintiff's application to proceed *in forma pauperis* is **GRANTED.**  The marshal shall not serve the complaint pending further order of the Court.

Dated:  August 18, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\MAY v. CITY OF SF\IFP.wpd