UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH C. MAY,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA HIGHWAY PATROL,<br>et al.,<br><br>    Defendants. | No. C 09-3460 BZ<br><br>**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS** |

On November 25, 2009, the California Highway Patrol ("CHP"), on behalf of all defendants[1] filed a motion to dismiss *pro se* plaintiff Judith May's ("plaintiff") complaint on the grounds that the Court lacks jurisdiction and the complaint fails to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). As CHP has not consented to magistrate judge jurisdiction, I will have the case reassigned. In this report, I recommend the motion be **GRANTED**.

Plaintiff's complaint alleges that on July 31, 2002, two

---

[1] Plaintiff has never identified the two unnamed defendants. Thus, they have never been served.

1

unnamed CHP officers arrested her for drunk driving and subjected her to unlawful search and seizure without due process of law. Plaintiff alleges two causes of action: first, the CHP failed to properly train and supervise the unnamed officers; and second, that the unnamed officers violated plaintiff's due process rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 United States Code section 1983.

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit . . . prosecuted against one of the United States by Citizens of another State . . ." Such sovereign immunity extends not only to the state, but also to an agency of the state. <u>Durning v. Citibank</u>, 950 F.2d 1419, 1423 (9th Cir. 1991). In <u>O'Leary v. California Highway Patrol</u>, the Ninth Circuit held that the California Highway Patrol is an agency of the state for the purposes of the Eleventh Amendment and thus enjoys sovereign immunity. 923 F.2d 862, 862 (9th Cir. 1991). In reaching this conclusion, the Ninth Circuit noted that the "California Highway Patrol is a state agency, <u>see</u> Cal. Gov't Code § 11000, and the State of California has not consented to suit, <u>see</u> <u>Atascadero State Hosp. v. Scanlon</u>, 473 U.S. 234, 241 (1985)." Here, as in <u>O'Leary</u>, the State of California has not consented to suit. Thus, the CHP enjoys sovereign immunity. Therefore, I recommend defendant's motion to dismiss plaintiff's first cause of action against CHP be **GRANTED**.

As to the second cause of action, the Ninth Circuit has

2

repeatedly held that for § 1983 claims, courts apply the forum state's statute of limitations and tolling unless it is inconsistent with federal law. <u>Flink v. Shedler</u>, 192 F.3d 911, 914 (9th Cir, 1999). Before January 1, 2003, the California statute of limitations was one year. But effective January 1, 2003, the statute of limitations became two years. However, the new statute of limitations cannot be applied retroactively. <u>Maldonado v. Harris</u>, 370 F.3d 945, 955 (9th Cir. 2004).

Here, California statute of limitations is the applicable law. The cause of action accrued on the date of the alleged incident, July 31, 2002, that was almost six months before January 1, 2003, the effective date of the enlarged period. Therefore, the one-year statute of limitations governs. Yet, plaintiff did not file her complaint until September 9, 2009, more than seven years after the incident, her suit against the unnamed officers is time-barred. Furthermore, plaintiff provides no factual support to justify an application of the tolling provisions. Therefore, I recommend defendant's motion to dismiss plaintiff's second cause of action be **GRANTED.**

For the foregoing reasons, I recommend CHP's motion to dismiss be **GRANTED.** The hearing scheduled for **January 20, 2010** is **VACATED**, and this matter will be reassigned.

Dated: January 14, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\MAY V. CALIF HIGHWAY PATROL\REPORT AND RECOMMENDATION GRANTING MOTION TO DISMISS.wpd

3